IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIGUEL NAVARRETE, individually and as co-executor of the Estate of Miguel Navarrete, Jr., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-13-708-D |
| MICHAEL C. WIEBE, *et al.*, | ) ) | |
| Defendants. | ) | |

**ORDER**

Upon examination of the Complaint, the Court finds insufficient allegations to establish subject matter jurisdiction.[1] Because the Complaint asserts state law claims, Plaintiffs presumably seek to invoke federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). However, insufficient facts regarding the citizenship of the parties are stated. Plaintiffs seek relief, in part, on behalf of a decedent's estate, but they do not allege the citizenship of the decedent, as required by 28 U.S.C. § 1332(c)(2).[2] One defendant is a corporation, which is a resident of the states by which it was incorporated and where it has its principal place of business. *See id.* § 1332(c)(1). These facts are not stated. Also, one defendant is alleged to be a limited liability company. Federal appellate courts have unanimously held that a limited liability company should not be treated like a corporation under § 1332(c)(1), but like a limited partnership or other business association under

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[2] Also, the Complaint identifies only the individual plaintiffs' residence; merely alleging a place of residence is not sufficient. *See Whitelock v. Leatherman*, 460 F.2d 507, 514-15 (10th Cir. 1972).

*Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).[3] The Complaint contains no information concerning the citizenship of the members or owners of the limited liability company and, therefore, fails to allege the citizenship of this defendant.

IT IS THEREFORE ORDERED that Plaintiffs shall file an amended complaint to cure the jurisdictional deficiencies in their pleading not later than July 29, 2013. Otherwise, this action is subject to a dismissal without prejudice for lack of jurisdiction.[4]

IT IS SO ORDERED this 15th day of July, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

[4] This Order is not intended to preclude Plaintiffs from filing of a voluntary notice of dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), within this same time period.