IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MIGUEL NAVARRETE, individually )
and as co-executor of the Estate of Miguel )
Navarrete, Jr., *et al.*, )
)
      Plaintiffs, )
)
v. ) Case No. CIV-13-708-D
)
MICHAEL C. WIEBE, *et al.*, )
)
      Defendants. )

## **O R D E R**

Before the Court is Defendants' Motion to Amend Final Witness and Exhibit Lists [Doc. No. 49]. Plaintiffs have filed a timely objection, stating that they object to the addition of one proposed witness and exhibits, but that witnesses who would merely authenticate records are unnecessary because Plaintiffs will stipulate to the authenticity of the documents.[1] In addition, Plaintiffs have filed their Motion to Quash Defendants' Notice to Take Video Deposition [Doc. No. 52] concerning a witness that Defendants propose to add and to depose for trial.

This action concerns a fatal motor vehicle accident in which Plaintiffs, the parents of a deceased passenger, seek damages for his wrongful death. Defendants state that they learned during a deposition taken on April 10, 2014, of a domestic disturbance involving the decedent and his father and that they subsequently obtained a police report and other evidence related to an incident that occurred at Plaintiffs' residence 11 days before the collision. Defendants assert that evidence regarding the relationship between the decedent and his parents bears on Plaintiffs' claims for damages. Accordingly, Defendants propose to amend their final witness list to add the police officer

---

[1] In light of this representation, the Court finds the issue of adding records custodians is moot.

who responded to the incident, and amend their final exhibit list to add his police report, a 911 audiotape, and photographs taken during an investigation of the incident.

The Scheduling Order in this action was entered October 30, 2013. In accordance with the case schedule, Defendants filed their final lists of witnesses and exhibits on April 4, 2014. Pursuant to an Amended Scheduling Order entered May 6, 2014, the discovery was to be completed by June 5, 2014, and all trial submissions, including motions in limine and the Final Pretrial Report, must be filed by July 5, 2014. However, in addition to disclosing new evidence, Defendants also propose to depose the police officer, as evidenced by their Notice to Take Video Deposition [Doc. No. 48] and attached subpoena.

Pursuant to Fed. R. Civ. P. 37(c)(1), a party's failure to identify a witness in a timely manner may be excused if the failure was substantially justified or is harmless. Pursuant to Fed. R. Civ. P. 16(b)(4), relief from a scheduling order – to add a witness or reopen discovery – requires a showing of good cause.[2] The Court finds that neither substantial justification nor good cause has been shown by Defendants.

First, Defendants provide no explanation of why they could not have identified the proposed evidence in a timely manner. The domestic incident allegedly led to the decedent's arrest shortly before the accident, and the proposed evidence was a matter of public record. Although the deposition testimony that alerted Defendant to the evidence occurred after the deadline to list witnesses and exhibits, the deponent was not a unique source; the information was readily available from other witnesses, including Plaintiffs.

---

[2] Accordingly, under the Court's scheduling order, a witness omitted from a party's final witness list may be permitted to testify for good cause shown.

Second, although Defendants contend that Plaintiffs will not be prejudiced by the late disclosure of evidence and that no deadlines will be impacted, the inaccuracy of this contention is obvious from Defendants' efforts to depose the police officer after the discovery cut-off. His deposition will apparently be necessary for him to testify at trial because he is a Kansas resident beyond the subpoena power of the Court. Thus, during a time when the parties should be focused on trial preparation, they will be called to engage in additional out-of-state discovery. The information provided by the police officer may lead to additional fact discovery, since his report allegedly refers to other instances of domestic conflict.

Finally, district courts have "wide latitude" to manage case schedules and determine whether to permit an untimely disclosure of proposed evidence. *See Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). However, the court of appeals has identified factors that should guide an exercise of this discretion:

> "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order."

*Burks v. Okla. Publ. Co.*, 81 F.3d 975, 979 (10th Cir. 1996) (quoting *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980)).

In this case, there would be no disruption of the trial because no trial date has been set. There also is no suggestion that Defendants have acted willfully or in bad faith. However, Plaintiffs are plainly surprised by Defendants' late disclosure of a new area of inquiry after the close of discovery. Defendants point to no fact that would have alerted Plaintiffs earlier of an intent to inquire into any conflicts in the relationship between Plaintiffs and their son. The Court also finds

3

that the late disclosure has prejudiced Plaintiffs, as set forth above. Plaintiffs will be unable to cure the prejudice arising from an unanticipated disruption of orderly trial preparation; their only recourse would be to engage in their own discovery related to the subject.

Under these circumstances, the Court is not persuaded that Defendants' failure to disclose the police officer as a witness and related evidence is substantially justified or harmless, or that relief from the scheduling order is warranted. The Court finds that Defendants have failed to show good cause for adding a new witness and additional evidence at this point in the case.

IT IS THEREFORE ORDERED that Defendants' Motion to Amend Final Witness and Exhibit lists [Doc. No. 49] is DENIED in its entirety. In light of this ruling, Plaintiffs' Motion to Quash Defendants' Notice to Take Video Deposition [Doc. No. 52] is GRANTED.

IT IS SO ORDERED this 18th day of June, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE