IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIGUEL NAVARRETE, individually<br>and as co-executor of the Estate of<br>Miguel Navarrete, Jr., *et al.*, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. CIV-13-708-D |
| MICHAEL C. WIEBE, *et al.*, | )<br>)<br>) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendants' Daubert Motion [Doc. No. 27], filed pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Defendants Michael C. Wiebe, Jerry C. Wiebe, and Wiebe Farms, Inc. seek to prohibit Plaintiffs from presenting opinion testimony of an expert witness, Jim G. Jackson. Plaintiffs have filed a timely response [Doc. No. 43], to which Defendants have replied [Doc. No. 44]. Thus, the Motion is fully briefed and at issue.

This case concerns a motor vehicle collision between a pickup truck and a sprayer tractor at a rural, uncontrolled intersection of two unpaved county roads. Plaintiffs assert a claim regarding the alleged wrongful death of their son, a passenger in the pickup. Plaintiffs have designated Mr. Jackson as an expert in accident reconstruction to testify in support of their claim, and he has provided an expert report regarding his investigation and opinions. Defendants do not challenge the field of accident reconstruction as an appropriate one for expert opinions, nor do they challenge Mr. Jackson's qualifications or expertise in this field.

Rather, Defendants contend the opinions stated in Mr. Jackson's report either lack factual and analytical support or do not require specialized knowledge or expertise. Regarding Mr. Jackson's opinions based on specialized knowledge, Defendants argue that they are not supported by "a reliable basis in the knowledge and experience of his discipline," *Daubert*, 509 U.S. at 592, and that they invade the province of the jury.[1]

The opinions of Mr. Jackson at issue are the following:

1. The Chevrolet pickup driver, [A.N., a thirteen year old], should not have been driving.

2. [A.N.] should have yielded the Right of Way to the tractor.

3. The tractor driver [Michael Wiebe] should have seen the pickup truck as it was approaching the county intersection if he, in fact, did look.

4. Michael Wiebe should have slowed down or stopped to avoid the collision by allowing the pickup truck to have the Right of Way, thereby avoiding the collision.

5. The information and evidence I have at this time does not support Wiebe Brothers, LLC['s] statement "pickup traveling at a high rate of speed" while traveling into impact, when considering:

    a. The distance the pickup truck traveled to its final resting position.

    b. The initial impact damage to the pickup.

    c. The lack of serious damage to the sprayer unit by the impact.

    d. The distance the sprayer traveled to its final resting position.

---

[1] Defendants also argue that Mr. Jackson's report is deficient under Fed. R. Civ. P. 26(a)(2) because it fails to sufficiently state the reasons for his opinions and the facts or data he considered. However, Defendants do not seek to exclude Mr. Jackson's testimony on this basis under Fed. R. Civ. P. 37(c). *See* Motion at 7. Accordingly, the informal conference requirement of LCvR37.1 does not apply.

2

6. I consider both drivers of having neglected to approach this 4-way intersection with caution.

Defs.' Motion, Ex. 2 [Doc. No. 27-2], Jackson Report, p.3.

**Standard of Decision**

Rule 702 codifies the Supreme Court's decision in *Daubert* and sets forth the standard for admissibility of expert opinions. When the testimony of an expert is challenged, the proponent of the testimony bears the burden of establishing its admissibility. *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc); Fed. R. Evid. 104(a). Defendants' Motion calls for Plaintiffs to establish that Mr. Jackson's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" that his opinions are "based on sufficient facts or data;" that they are "the product of reliable principles and methods;" and that he "has reliably applied the principles and methods to the facts of the case." *See* Fed. R. Evid. 702(a)-(d). Plaintiffs' response to the Motion consists solely of copies of Mr. Jackson's report and photographs of the accident scene depicting a flat rural area with an open intersection and no obstructed views.

**Discussion**

Upon consideration, the Court finds that Mr. Jackson should not be permitted to testify regarding the opinions stated in his report for two reasons.

Mr. Jackson's first three opinions do not require specialized knowledge or expertise. His first opinion – that a 13-year-old driver (A.N.) should not have been operating a pickup truck on a county highway – would be obvious to a lay person. The second opinion – that

A.N. should have yielded the right-of-way – states a conclusion that would be reached by anyone with knowledge of motor vehicle laws stating right-of-way rules for highway intersections. *See* Okla. Stat. tit. 47, § 11-401.B (when two vehicles reach an intersection at approximately the same time, the driver of the vehicle on the left must yield to the driver on the right). The conclusion is reflected in the official traffic collision report prepared by an Oklahoma Highway Patrol (OHP) trooper showing A.N. was cited for violating § 11-401.B. Mr. Jackson's third opinion – that the tractor driver would have seen the pickup approaching the intersection if he had looked – would be reached by anyone informed of the conditions stated in the OHP collision report (daylight hour, clear weather, open area, unobstructed visibility) and witnesses' descriptions or photographs of the intersection. Because no specialized knowledge is needed for these opinions, expert testimony regarding them would not assist the jury.

The remainder of Mr. Jackson's opinions – that the tractor driver should have yielded the right-of-way to A.N., that the pickup was not traveling "at a high rate of speed" before impact, and that both drivers neglected to proceed with caution – may employ specialized knowledge or expertise. However, all of these opinions are stated as bare-bones conclusions; Mr. Jackson's report does not reveal the bases for them. As stated in the report (which is all Plaintiffs have presented), these opinions are not shown to be based on sufficient facts or data, or a product of reliable principles and methods, and it cannot be said that the expert has reliably applied any principles or methods to the facts of the case. For example, the opinion expressed by Mr. Jackson regarding the pickup's speed is purportedly based on distances

4

traveled and damage to the vehicles. But Mr. Jackson does not cite any measurements, calculations, diagrams, methodology, or other support for his opinion. Earlier in his report, Mr. Jackson refers to measurements included in the OHP collision report, but he does not apply this information in any demonstrable, reliable way to support his opinion that the pickup was not traveling at a "high rate of speed," which is left undefined. Further, Mr. Jackson's opinions that the tractor driver should have taken action to avoid the collision and that both drivers were "neglectful" are not explained or supported.

## Conclusion

For the foregoing reasons, the Court finds that Plaintiffs have failed to establish the admissibility of the proposed opinions of their expert in accident reconstruction.

IT IS THEREFORE ORDERED that Defendants' Daubert Motion [Doc. No. 27] is GRANTED. Plaintiffs are prohibited from soliciting opinion testimony from expert witness Jim G. Jackson.

IT IS SO ORDERED this 25th day of July, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE