IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIGUEL NAVARRETE, individually and as co-executor of the Estate of Miguel Navarrete, Jr., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-13-708-D |
| MICHAEL C. WIEBE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are the parties' respective motions in limine [Doc. Nos. 63 and 67], which are fully briefed and at issue.

In this diversity case, Plaintiffs seek to recover damages for the alleged wrongful death of their son, Miguel Navarrete, Jr. ("Miguel"), in a motor vehicle collision at a rural, uncontrolled intersection of two unpaved county roads. Miguel was a passenger in his own pickup being driven by a 13-year-old cousin, A.N. The pickup collided with a self-propelled sprayer tractor driven by Defendant Michael C. Wiebe as an employee of the sprayer's owners, Defendants Jerry C. Wiebe and Wiebe Farms, Inc. Plaintiffs claim that both A.N. and Michael Wiebe were negligent in failing to yield to the other driver and that Michael Wiebe's employers are legally responsible for his negligence. Defendants claim that Miguel was negligent in entrusting his pickup to a 13-year-old driver, failing to instruct A.N. on proper operation of a vehicle, and modifying the pickup to remove the seatbelts. Defendants also contend the accident was caused by A.N.'s negligence.

The case is set for trial on the October 14, 2014 jury trial docket. By their motions, each party seeks to prohibit the other from introducing evidence and argument regarding certain matters during the trial.

**A.     Plaintiffs' Motion**

Plaintiffs seek to exclude the following categories of evidence: 1) opinion testimony by Defendants' expert in accident reconstruction, Ronald Lee Blevins, regarding causation and fault; 2) a portion of Miguel's employment records showing he had been disciplined for being late to work; 3) Miguel's educational records from high school and community college showing poor performance as a student and below-average grades; 4) photographs of Miguel's pickup posted on social media showing a sticker on the rear window stating, "Drive it like you stole it;" and 5) a domestic disturbance between Miguel and his father approximately two weeks before the accident. As to each of these matters, Plaintiffs assert that the evidence is irrelevant to the trial issues and any probative value is outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 401-403.

**1.     Mr. Blevins' Opinions Regarding Fault**

Plaintiffs ask the Court to prohibit Defendants from presenting Mr. Blevins' opinions that A.N. was at fault for failing to yield to the driver of the sprayer in violation of Okla. Stat. tit. 47-11-401.B (giving right-of-way to vehicle on the right at an open intersection), and that the driver of the sprayer did not cause or contribute to the accident. Plaintiffs rely on Oklahoma state court decisions holding that opinion testimony by expert witnesses regarding the fault of drivers involved in car accidents is inadmissible because it does not assist the jury

and is unduly prejudicial. *See*, *e.g.*, *Gabus v. Harvey*, 678 P.2d 235, 256-57 (Okla. 1984). Defendants respond that Plaintiffs' Motion is an untimely *Daubert*[1] motion challenging the reliability of Mr. Blevins' opinions and that expert testimony "is not objectionable just because it embraces an ultimate issue" to be decided by the jury. *See* Fed. R. Evid. 704(a).[2]

The Court disagrees with Defendants' contention that Plaintiffs are challenging the reliability of Mr. Blevins' opinions under *Daubert*, as codified in Fed. R. Evid. 702. Plaintiffs' ground for exclusion is that "Officer Blevins' proffered testimony does nothing more than tell the jury what conclusion should be reached and usurp that panel's rightful function." *See* Pls.' Motion [Doc. No. 67] at 5. However, Plaintiffs mistakenly seek to exclude this testimony as "impermissible under Oklahoma law." *Id*. The admissibility of evidence in this case is a matter of federal law, governed by the Federal Rules of Evidence. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 884 (10th Cir. 2006) (state law excluding evidence applies in a diversity case only if it is a substantive rule).

Nevertheless, consideration of the issue presented by the parties, the Court finds itself in agreement with the conclusions reached by Oklahoma Supreme Court in *Gabus* under the circumstances of this case. No special skill, knowledge, or expertise is needed to understand and draw conclusions from facts about common experiences. Both of the parties' experts in

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[2] Alternatively, if the Court finds that Mr. Blevins' opinions infringe upon the role of the fact-finder, Defendants ask that Plaintiffs' expert in accident reconstruction be similarly limited in his testimony. After this response was filed, however, the Court granted Defendants' *Daubert* Motion and excluded the opinion testimony of Plaintiffs' expert. *See* Order of July 25, 2014 [Doc. No. 71].

accident reconstruction merely reached conclusions from largely undisputed facts regarding the accident and from traffic rules that are easily understood and within the common experience of jurors in Oklahoma, where private motor vehicle travel is the primary mode of transportation. Defendants' expert is a retired police officer whose career involved traffic-related matters and accident investigations. Having him opine about which driver was at fault and whose conduct caused the accident would simply "put the stamp of expertise upon an issue that the jury [is] fully competent to decide." *Gabus*, 678 P.2d at 257. Further, in this case, the probative value of such testimony is substantially outweighed by the potential for undue prejudice because the Court finds it "highly probable" the jury would be unduly influenced by the opinion of an experienced police officer and would be tempted "to substitute the opinion of the officer for the combined judgment of the jury." *Id*.

It appears that the parties are in substantial agreement on this issue. Both parties have moved to exclude the testimony of the other's accident reconstructionist with regard to opinions of causation and fault. In Defendants' Motion, discussed *infra*, they ask the Court to "exclude any opinion as to the fault of the parties to the accident by the investigating officers" and expert witnesses. *See* Defs.' Mot. [Doc. No. 63] at 3. Plaintiffs' response simply states: "Conceded so long as Defendant agrees to not illicit [sic] such testimony from witnesses, including their expert." Therefore, both parties will be prohibited from inquiring of expert witnesses and investigating law enforcement officers, their opinions regarding the fault of the drivers and the cause of the accident. Otherwise, Mr. Blevins will be permitted to testify.

4

## 2. Miguel's Employment Records

Plaintiffs contend that part of Miguel's personnel records showing his employer had disciplined him for being late to work is irrelevant, and any probative value is outweighed by the prejudicial nature of the information. Although not so stated, Plaintiffs presumably believe this evidence casts Miguel in a negative light as a poor employee.

Defendants respond that Miguel's attendance issues are relevant to counter his father's testimony that Miguel resigned his job shortly before the accident to find work that did not require weekend hours. Defendants contend Miguel's personnel records show he "was near termination for his repeated attendance policy violations." *See* Defs.' Resp. Br. [Doc. No. 68] at 5. Defendants argue that Miguel's employment records are relevant to damages issues regarding lost wages and earning capacity, particularly testimony of their expert regarding future economic loss.

Defendants base their argument on an exhibit showing that Miguel received a three-day suspension on May 30, 2012, for accumulating nine attendance infractions and three more infractions could have resulted in termination. *See id*. Ex. 4 [Doc. No. 68-4]. The document suggests that Miguel was on the third level of a progressive discipline policy (which began with verbal and written warnings). According to Defendants, however, Mr. Naverrete admitted Miguel was not working for this employer at the time of the accident on July 12, 2012, having quit a week earlier; so the disciplinary record is not necessary to show actual or likely loss of employment and wages. It would nevertheless seem that a negative employment history could impact Miguel's earning capacity and future economic loss. Therefore, the evidence is relevant and admissible under Rules 401 and 402.

"Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case. To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (internal quotations omitted) (emphasis in original); *see also Therrien v. Target Corp.*, 617 F.3d 1242, 1255-56 (10th Cir. 2010). Evidence that Miguel was repeatedly disciplined for violations of his employer's attendance policy is not unfairly prejudicial because it does not suggest that jurors should resolve an issue of disputed fact on an improper basis. Therefore, the Court finds that Miguel's employment records, including a portion showing employer discipline, should not be excluded under Rule 403.

### 3. Miguel's School Records

Plaintiffs similarly challenge records regarding Miguel's school performance and attendance as irrelevant and unduly prejudicial. Defendants explain their intended use of educational records for two purposes: 1) to discredit anticipated testimony by Plaintiffs that their son was an exemplary student with high achievement in high school; and 2) to establish a factual basis for findings regarding Miguel's future earning potential and any damages for loss of future earnings.

While the Court does not disagree with Defendants that Miguel's educational level or lack of academic success may be relevant to his future earning potential, extensive evidence on this issue would seem to be cumulative and unnecessary. Plaintiffs suggest (and Defendants do not disagree) that the anticipated evidence includes high school and community college transcripts, attendance records, a college application, and ACT test

results. It appears that Defendants' emphasis on educational records is directed at their first purpose, namely, impeaching Plaintiffs' testimony regarding their son's academic success. Thus, a ruling regarding the admissibility of all Miguel's educational records must be made in the context of the trial evidence and Plaintiffs' presentation of their case-in-chief.

   4.   **Photographs of Miguel's Pickup**

As the Court understands Plaintiffs' Motion with respect to this issue, they seek to exclude photographs of Miguel's pickup because one or more show a rear window sticker with an inflamatory message. Defendants' response addresses the general admissibility of the photographs. Defendants state they accurately depict the appearance of the pickup on the day of the accident and show modifications that Miguel had made, including specialized wheel rims and decorative lights. Defendants argue that trial evidence will show the pickup had been "illegally modified" with respect to the steering wheel, gear shift, dashboard, and seatbelts. *See* Defs.' Resp. [Doc. No. 68] at 6-7. It is unclear whether the photographs show any of these modifications.

Defendants also argue the appearance on the pickup and the message on the window sticker "provide an insight into the mental state of its owner and operator." *Id*. at 7. Because Miguel was not driving the pickup at the time of the accident, it is unclear to the Court why Miguel's mental state is at issue. Accordingly, the Court will reserve a ruling on this subject for contemporaneous objection at trial, where the photographs can be viewed and their probative value and potential prejudice can be assessed in the context of the trial evidence.

7

**5.     Domestic Disturbance**

Plaintiffs assert that evidence of a domestic dispute between Miguel and his father involving a 911 call, a police investigation, Miguel's arrest, and photographs taken at the scene should be excluded as irrelevant to the issue of Plaintiffs' damages for loss of companionship. Alternatively, Plaintiffs assert that the probative value of this evidence is outweighed by the danger of unfair prejudice.

Defendants contend that evidence of a confrontational relationship between Miguel and his father, which had escalated to domestic violence shortly before the accident, is highly probative of the nature and quality of the parental relationship. Defendants also argue that the evidence may be needed to impeach Plaintiffs' testimony concerning why Miguel was not staying at his parents' house at the time of the collision. Defendants state that the evidence is not intended to show prior bad acts by Miguel, and any prejudice can be cured with an appropriate limiting instruction.

Upon consideration, the Court agrees with Defendants that evidence of a domestic dispute suggesting a conflictual parent-child relationship is relevant to the issue of Plaintiffs' damages. The documents to which Plaintiffs object were not timely disclosed by Defendants but were the subject of a motion to amend Defendants' final exhibit list in order to add evidence regarding this incident. Because the motion was denied, Defendants acknowledge in their response that they "do not have any exhibits relating to the incident." *See* Defs.' Resp. [Doc. No. 68] at 8 n.1. The Court finds that testimony concerning the incident would not be unfairly prejudicial because the fact that it occurred is not likely to influence the jury

to decide the case on an improper basis. Therefore, evidence concerning this subject will not be excluded.

**B.     Defendants' Motion**

Defendants seek to prohibit evidence and argument on numerous topics, including liability insurance, prior litigation, and Miguel's possible pain and suffering before death. Plaintiffs concede four of these categories. To this extent, Defendants' Motion presents no issue for decision and is moot. There are two contested subject areas: 1) photographs of a victim's memorial; and 2) Miguel's financial support of his parents.

**1.     Memorial Photographs**

Defendants seek to exclude photographs of the accident scene that show a memorial to Miguel erected at the intersection after the accident, and any references to the memorial. Defendants argue that many photographs have been taken, and ones showing a white cross decorated with flowers and engraved with Miguel's name are unnecessary. Defendants contend evidence of the memorial is unfairly prejudicial in that it evokes sympathy for the victim and his family.

Plaintiffs object to exclusion of photographs containing the cross because they allegedly are necessary to Plaintiffs' case and "[m]ost of them you can't tell it is a cross (they are taken so far away it looks like a fence post)." *See* Pls.' Resp. [Doc. No. 66] at 1. Plaintiffs also argue that the memorial is relevant to show the nature and extent of the family's grief.

9

Upon consideration, it is unclear whether the photographs to which Defendants object will be presented. Plaintiffs state that the photographs were taken by their expert, Jim Jackson, who was subsequently excluded as an expert witness by the Court's *Daubert* ruling. Also, it is impossible for the Court to assess in advance of trial the prejudicial effect, if any, of the photographs. According to Plaintiffs, the cross is not prominently featured and, in fact, may not be recognizable. The Court finds that the fact Plaintiffs erected a memorial at the site may be probative of the extent of their grief, which is a damages issue, and because memorials of this type are common in this area, the Court does not believe evidence of it would be unfairly prejudicial. As to the photographs, however, the Court must decide the issue in the context of trial, after viewing them and assessing any prejudicial effect.

2. **Financial Support**

Defendants contend any argument by Plaintiffs that Miguel's death caused them a loss of financial support is unsupported by evidence because both parents testified during their depositions that Miguel did not contribute financially to the household. In response, Plaintiffs state they anticipated future financial support by Miguel during their lifetimes. The Court currently has no factual basis to assess Plaintiffs' position or to prohibit them from pursuing this element of damages. Therefore, this part of Defendants' Motion will be denied.

**Conclusion**

For these reasons, the Court finds that the parties's motions are granted only with respect to opinion testimony by expert witnesses or investigating officers regarding causation and fault. The motions are otherwise denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motions in Limine [Doc. No. 67] and Defendants' Motions in Limine [Doc. Nos. 63] are GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 22nd day of September, 2014.

*/s/ Timothy D. DeGiusti*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE